## S11Y0583. IN THE MATTER OF JUDY LYNN JUNCO.
(711 SE2d 691)

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking an indefinite suspension, with conditions for reinstatement, against Judy Lynn Junco (State Bar No. 405597), who has been a member of the Bar since 2003. The State Bar attempted to serve Junco personally at the address listed with the State Bar, but the sheriff filed a return of service non est inventus. The State Bar then properly served Junco by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). Junco failed to file a Notice of Rejection. Therefore, she is in default, has waived her rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

The facts, as admitted by Junco's default, show that a client retained Junco in 2004 regarding two charges for driving under the influence and paid her $4,000 for legal fees and expenses. Junco did not file an entry of appearance or any pleadings and failed to appear at the hearing. The client was not able to communicate with Junco and eventually learned that the court ruled against him. The client also lost the $2,300 he posted for bond because neither he nor Junco appeared to answer the charges. The court allowed the client to re-open his case, but he incurred a $150 re-docketing fee. Subsequently Junco communicated with the client and informed him that she would ask the judge to re-open the case, waive the re-docketing fee and allow a plea in absentia, but thereafter the client received no further communication from Junco. After the client filed a grievance, Junco failed to respond to the State Bar's Office of General Counsel during its initial investigation and failed to respond to the Notice of Investigation.

Based on these facts, the Investigative Panel found probable cause to believe that Junco violated Rules 1.3, 1.4, 3.2 and 8.1. The maximum sanction for a violation of Rules 1.3 and 8.1 is disbarment and the maximum sanction for a violation of Rules 1.4 and 3.2 is a public reprimand. In mitigation, the Investigative Panel considered Junco's unspecified "personal or emotional problems," and, in aggravation, considered that she had received a formal admonition in 2007.

The State Bar requests that the Court enter an order of indefinite suspension, with reinstatement conditioned upon Junco showing, to the satisfaction of the Review Panel, that she has paid the client $6,450 as reimbursement for the attorney fees, the amount defaulted on the bond and the case re-docketing fee, and that she has received certification from a board-certified psychiatrist that she is mentally competent to practice law, within the meaning of Bar Rule 4-104.

Having reviewed the record we agree that an indefinite suspension is the appropriate sanction in this matter. Therefore, Judy Lynn Junco is hereby suspended from the practice of law in Georgia until further order of this Court. Junco is reminded of her duties pursuant to Bar Rule 4-219 (c). Junco may seek reinstatement only upon providing satisfactory proof to the Review Panel that she has met the conditions outlined above.

*Indefinite suspension. All the Justices concur.*

DECIDED JUNE 13, 2011.

*Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar,* for State Bar of Georgia.